## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC., BETTY FAYE KOSLEY AND DAVID BRADLEY WILBANKS | § § § § § § § | |
| | § | C.A. No. _____ |
| VS. | § § | |
| CONOCOPHILLIPS, INCORPORATED | § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGES OF SAID COURT:**

**COME NOW** Plaintiffs, **NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC, BETTY FAYE KOSLEY** and **DAVID BRADLEY WILBANKS** (collectively, "Plaintiffs" or "North Cypress") and file this Original Complaint complaining of Defendant, **CONOCOPHILLIPS, INCORPORATED** and would show the following:

### PARTIES

1. Plaintiff North Cypress Medical Center Operating Company, Ltd. is a Texas limited partnership doing business in Harris County, Texas and is the lawful assignee of all of the claims asserted herein. Plaintiff North Cypress Medical Center Operating Company GP, LLC is a Texas limited liability company doing business in Harris County, Texas, is the General Partner of North Cypress Medical Center Operating Company, Ltd. and is the lawful assignee of all of the claims asserted herein.

2. Plaintiffs Betty Faye Kosley and David Bradley Wilbanks are individual participants of the ConocoPhillips Plans at issue who reside in this district.

3.    Defendant ConocoPhillips, Incorporated ("ConocoPhillips" or "Defendant") is a Delaware corporation with its corporate headquarters located in Houston, Texas and during all material times acted as the Plan Sponsor-Employer and the fiduciary of its numerous healthcare plans.  ConocoPhillips may be served with this pleading by serving its registered agent for service of process, ConocoPhillips Company located at 600 North Dairy Ashford, Houston, Texas 77079.

## JURISDICTION AND VENUE

4.    Plaintiffs' claims arise *in part* under 29 U.S.C. §§ 1001 *et seq.*, Employment Retirement Income Security Act ("ERISA"), under 28 U.S.C. § 1331 (federal question jurisdiction) and under 28 U.S.C. § 1332 (diversity of citizenship).

5.    Venue is appropriately established in this Court under 28 U.S.C. § 1391 because Defendant ConocoPhillips conducts a substantial amount of business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRODUCTION

6.    Plaintiffs assert claims sounding in ERISA as well as applicable state law.

7.    Plaintiffs bring this action pursuant to healthcare plans directly sponsored and administered by ConocoPhillips.  The PPO plans at issue permit subscribers to obtain healthcare services from facilities such as North Cypress which have not entered into contracts with ConocoPhillips' Third Party Administrator, Aetna Life Insurance Company ("Aetna") referred to as "out-of-network," "non-participating" or "non-par" providers.  ConocoPhillips is required under the terms of its plans to promptly pay benefits for such out-of-network and emergent care services based on the usual, customary and reasonable rate ("UCR") for that service and/or the rate as defined in the particular plans.  However, after knowing North Cypress' charges and

paying same for five years, as of January 1, 2012, ConocoPhillips amended its Plans to specifically exclude all goods and services provided to its participants at North Cypress except for "true emergencies" even though the Plan members paid for and earned these benefits.

8.        Generally, a patient's healthcare benefit plan is governed by the applicable provisions of ERISA, 29 U.S.C. §§ 1001 *et seq.* The patient's ERISA health plan is interpreted by the plan administrator, which is the employer and not by a third party administrator such as Aetna unless such authority has been delegated or assigned to Aetna by the Plan Sponsor. Nonetheless, as the Plan sponsor/fiduciary, ConocoPhillips remains responsible for interpretation of the Plans and the payments of Plan benefits. The employee member pays a part of the cost of the health insurance and with regard to the provision of out-of-network benefits in a PPO Plan, the member pays more for those benefits and/or earns those benefits in consideration of the services he provides to his employer. The Plan provides the employee member certain benefits, which includes the right to go to a doctor or facility of his/her choice to treat illness and to obtain reimbursement.

9.        With regard to all ConocoPhillips' beneficiaries/members/subscribers, North Cypress requires that they sign documents whereby the employee member or subscriber agrees to be personally responsible for all charges of North Cypress. As a part of these documents, North Cypress obtains an Assignment of Benefits and Rights that makes North Cypress the beneficiary of the ERISA plan. As such, North Cypress has standing to sue ConocoPhillips on both the members' and its own behalf for damages and losses sustained as a result of ConocoPhillips' breaches of fiduciary duties, failure to follow Plan provisions for the payment of benefits and for other claims and for excluding coverages from the Plan for which the members

paid and continue to pay premiums/contributions. North Cypress does not waive a deductible or co-payment by the acceptance of the Assignment.

## APPLICABLE FACTS

10.    At all materials times, Aetna was/is ConocoPhillips' Third Party Administrator which sold its products (Plans) and services to ConocoPhillips. "Aetna" is a brand name used for products and services provided by one or more of the Aetna group of subsidiaries that offer, underwrite or administer health benefits, including ConocoPhillips' Plans. ConocoPhillips is the ERISA fiduciary and as such, it must comply with fiduciary standards.

*Background:*

11.    As the fiduciary for self-funded health plans, ConocoPhillips is obligated to comply with ERISA's fiduciary duties. Even though, Aetna exercises discretionary authority and control in its interactions with ConocoPhillips' self-funded health plans and their subscribers, ConocoPhillips remains the Plan fiduciary with complete control over the operation and maintenance of its Plans.

12.    A self-funded health benefit plan is an insurance plan in which a plan sponsor acts as the insurer and makes payments on claims out of funds maintained for this purpose. Most plan sponsors, as does ConocoPhillips, retain the services of an insurance company such as Aetna to administer their self-funded health benefit plans.

13.    Aetna has entered into ASA agreements ("Administrative Services Agreements") with Plan Sponsors pursuant to which Aetna administers those Plan Sponsors' self-funded health benefit plans.

14.     By making and/or permitting claim determinations without valid or appropriate data and/or reasons to support reduced payments, ConocoPhillips violated its fiduciary obligations under ERISA as well as disclosure and other statutory obligations.

**Improper Claims Determinations:**

15.     For at least the past seven years and through the present, ConocoPhillips has known that its Third Party Administrator, Aetna has targeted out-of-network facility providers such as North Cypress with numerous "initiatives" and "interventions" designed to improperly determine UCR amounts and to conceal and misrepresent the manner in which it determines UCR and has approved of same.  In August, 2012, ConocoPhillips knew (and approved) that Aetna also intentionally targeted North Cypress in additional manners such as by "blacklisting" North Cypress from payment procedures through its National Advantage Program administered by Multi Plan, a wrapper network.  At the same time, in this targeted attack, ConocoPhillips substantially increased the medical records requests in order to intentionally "stall" payments based upon the pretext that "expenses require further review."  In numerous appeals that have been made therefrom, ConocoPhillips has systematically failed to ever respond and produce copies of the requested plans and/or policies.

16.     By not paying or apparently, by threatening not to pay North Cypress for the Plaintiff patients' proper claims made for healthcare services rendered to ConocoPhillips' members/subscribers, ConocoPhillips and Aetna are committing an act of coercion or intimidation.

17.     ConocoPhillips' pattern of practice of providing inaccurate benefits for out-of-network services was also intended to increase the costs to its members of going out-of-network, thereby pressuring them to use in-network providers, subject to discounted rates.  In doing so,

5

ConocoPhillips breached the terms and conditions of its healthcare plans which govern the benefits available for its members and their treating healthcare providers.

18. ConocoPhillips' deceitful and pervasive business practices forced North Cypress and many members to expend significant time and resources towards identifying, disputing and then appealing ConocoPhillips' improper reimbursement determinations, often times still resulting in underpayment. ConocoPhillips' conduct violated its legal obligations to North Cypress as assignee and beneficiary of its patient's benefits and legal rights, and violated federal and state law as described herein causing North Cypress significant financial harm.

19. For at least one year, Aetna kept ConocoPhillips apprised of its efforts to underpay North Cypress and to place "the tightest controls" on North Cypress in order to achieve a savings on North Cypress claims for legitimate healthcare goods and services provided to its participants. Aetna also unlawfully informed ConocoPhillips that North Cypress was improperly referring to its emergency room patients with non-emergent conditions in order to receive higher benefits, misrepresenting to participants goods and services, providing unnecessary medical procedures and goods and was intentionally leaving patients in "observation" status in order to make more money. Aetna had no proof of the allegations of wrongdoing and therefore never provided any proof of same to ConocoPhillips. Nonetheless, ConocoPhillips approved of its Third Party Administrator implementing punitive "initiatives" and "interventions" against North Cypress.

***Specific Plan Exclusions:***

20. In 2012, Aetna offered ConocoPhillips a new product (a "pilot program") wherein ConocoPhillips would continue to provide out-of-network benefits in its PPO Plans for which the participants had paid extra premiums/contributions, but specifically excluded any services/goods

provided by North Cypress unless the goods and services were obtained as a result of a "true emergency".  This product/exclusion was put into effect on January 1, 2012.  The "true emergency" adopted by ConocoPhillips was not to be determined by the layman participant possessing an average knowledge of medicine as required by law and the Plans, but rather, to be decided by a "Medical Director," physician or registered nurse after-the-fact.

*ConocoPhillips' ER Reimbursement:*

21.     ConocoPhillips is obligated to fully reimburse its members for use of out-of-network emergency services that satisfy a prudent lay person standard.  Under this standard, ConocoPhillips must fully pay for ER services even if they subsequently are determined not to constitute an emergency so long as the ConocoPhillips' member reasonably believes the condition to be emergent at the time the member was seen in the ER.  This standard precludes reliance on a medical professional's diagnostic conclusion after the claim is made well after the patient's discharge because the medical professional is not a prudent lay person and has information unavailable to the prudent lay person at the time ER care was sought.

22.     For many ConocoPhillips members, ConocoPhillips denied reimbursement for ER services at North Cypress that were properly considered emergent under the prudent lay person standard, but rather, determined after-the-fact/time of the ER service whether there was an emergency by the use of a physician Medical Director.  The practice accelerated after Conoco purchased Aetna's new product effective on January 1, 2012, when it only paid for its members' "true emergencies" as subsequently determined by ConocoPhillips' Third Party Administrator's "Medical Director."

***Document Requests/Civil Penalties:***

23.     The civil enforcement section of ERISA, particularly 502(c), codified at 29 U.S.C. § 1132(c)(1)(B) provides the following:

> "Any administrator who fails to refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within thirty (30) days after such request may in the court's discretion be personally liable to the participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such relief as it deems proper."

The same requirement applies to the Plan Sponsor, ConocoPhillips.

24.     When a healthcare provider holds valid Assignments of Benefits and Rights, it is the proper beneficiary for the purposes of this Section.  It has been well established that an assignee of a beneficiary in an ERISA-governed insurance policy has standing to sue under ERISA.  An assignee such as North Cypress is entitled to seek penalties and relief for failure to produce plan documents under § 104(b)(4), 29 U.S.C. § 1024(b) and 29 U.S.C. § 1132(c) and that the assignee has an alternative means for seeking documents under § 503.

25.     North Cypress has requested from ConocoPhillips' agent both plan and plan associated documents on claims made by North Cypress.  ConocoPhillips refused to provide such documents.  North Cypress is entitled to the requested plan documents and associated documents and that a civil penalty of $100 per day for failure to timely comply with the request under 29 U.S.C. § 1132(c) be imposed until the documents are produced.

26.     ConocoPhillips has also failed to timely pay claims in violation of federal law.

**COUNT 1**

**FIRST CAUSE OF ACTION**
## Claims Under § 502(a) of ERISA, 29 U.S.C. § 1132(a)

27.     Plaintiffs repeat and reallege Paragraphs 1 through 26 (inclusive) of this Complaint with the same force and effect as if set forth at length in this paragraph.

28.     The North Cypress has assignments of benefits from patients (including, but not limited to, the Individual Plaintiffs) who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor.  The assignments of benefits that North Cypress received from patients (including, but not limited to, the Individual Plaintiffs) who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor confers upon the North Cypress Plaintiffs the status of a "beneficiary" under § 502(a) of ERISA, 29 U.S.C. § 1132(a).  As the beneficiary, North Cypress is entitled to recover benefits due to North Cypress and/or to patients (including, but not limited to, the Individual Plaintiffs), under the terms of the applicable ERISA health benefits plan(s) and applicable law, including (but not limited to) § 502(a)(1)(B) of ERISA; and to pursue equitable relief under applicable law, including (but not limited to) § 502(a)(3) of ERISA.

29.     ConocoPhillips, as the plan sponsor, is to be held liable to Plaintiffs under § 502(a) of ERISA, 29 U.S.C. § 1132(a), for violations of ERISA or the terms of applicable health benefits plans, including (but not limited to) the following:

30.     In violation of ERISA, ConocoPhillips failed to make *payments of benefits* to North Cypress and/or to patients who made the assignments of benefits, as required under the terms of the applicable health benefits plan(s) and applicable law, as described herein;

9

31.   In violation of ERISA, ConocoPhillips failed to provide to North Cypress and/or to patients who made the assignments of benefits with *all rights under the terms of the applicable health benefits plan(s)*, as described herein;

32.   In violation of ERISA, ConocoPhillips failed to *make clear* to North Cypress and/or to patients who made the assignments of benefits, their *rights to future benefits* under the terms of the applicable health benefits plan(s), as described herein; and,

33.   In violation of ERISA, ConocoPhillips failed to provide beneficiaries with *adequate notice concerning denial of claims* (as described herein), as required by 29 U.S.C. § 1133(1); and by failing to provide to participants a reasonable opportunity for "*full and fair review*" concerning denial of claims (as described herein), as required by 29 U.S.C. § 1133(2). As such, in pursuing their claims against ConocoPhillips under § 502(a) of ERISA, 29 U.S.C. § 1132(a), Plaintiffs should be excused of any requirement to exhaust internal administrative remedies, as futile.

34.   North Cypress has suffered damage as a result of ConocoPhillips' violations of ERISA. North Cypress is entitled to monetary damages and/or restitution from ConocoPhillips, as well as other declaratory and injunctive relief related to enforcement of the plan terms, and to clarify future benefits. In particular, and not by way of limitation, under ERISA, ConocoPhillips is liable to North Cypress for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just, including the issuance of appropriate declaratory and injunctive relief against ConocoPhillips and ConocoPhillips' removal as a fiduciary.

**COUNT 2**

**SECOND CAUSE OF ACTION**

**Violation of Fiduciary Duties of Loyalty and Due Care Under ERISA**

35.     Plaintiffs repeat and reallege Paragraphs 1 through 34 (inclusive) of this Complaint with the same force and effect as if set forth at length in this paragraph.

36.     North Cypress received assignments of benefits from patients who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor.   The assignments of benefits that North Cypress received from patients who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor confers upon North Cypress the status of a "beneficiary" under § 502(a) of ERISA.   As beneficiary, North Cypress is entitled to recover benefits due to North Cypress and/or to patients under the terms of the applicable ERISA health benefits plan(s) and applicable law.

37.     Pursuant to Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), ConocoPhillips acted as a fiduciary to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to North Cypress -- in connection with such beneficiaries' group health plans.   Specifically, ConocoPhillips acted as fiduciary to such beneficiaries because ConocoPhillips (i) exercised discretionary authority and/or discretionary control respecting the management of the plans for which ConocoPhillips is the plan sponsor, as described herein; (ii) exercised authority and/or control respecting the management or the disposition of the assets of the plans for which ConocoPhillips is the plan sponsor, as described herein; and/or (iii) has discretionary authority and/or discretionary responsibility in the administration of the plans for which ConocoPhillips is the plan sponsor, as described herein.   The exercise of discretion in such determinations of plan benefits is an inherently fiduciary function.

38.     Specifically, ConocoPhillips was the fiduciary to beneficiaries such as North Cypress and/or to the patients who made the Assignments of Benefits to North Cypress because ConocoPhillips ultimately determined whether plan benefits would be paid, and/or the amounts of plan benefits that would be paid, to those plan beneficiaries.

39.     As a fiduciary of group health benefits plans under ERISA, ConocoPhillips owes the beneficiaries of such plans a duty of due care, defined as an obligation to act prudently, with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of an enterprise of like character.   Further, ERISA §§ 404(a)(1)(B) and (D), 29 U.S.C. §§ 1104(a)(1)(B) and (D), require fiduciaries (such as ConocoPhillips) to ensure that they are acting in accordance with the documents and instruments governing the plan.

40.     As a fiduciary of group health benefits plans under ERISA, ConocoPhillips owes the beneficiaries a duty of loyalty, defined as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the fiduciary at the expense of beneficiaries.  ERISA § 406, 29 U.S.C. § 1106.  For example, ConocoPhillips cannot, consistent with its fiduciary duty of loyalty under ERISA, enter into an arrangement with a third-party administrator (such as Aetna) under which ConocoPhillips makes payment to such a third-party administrator based on a percentage of savings from reduced payments.   Such an arrangement presents an inherent conflict-of-interest between ConocoPhillips' desire to reduce payments and ConocoPhillips' fiduciary obligation to make payments in accordance with the terms of the applicable ERISA health benefits plans.  Furthermore, it is a breach of fiduciary duty to exclude out-of-network coverage to one specific facility when the beneficiaries have paid and continue to pay premiums/contributions for same.

41.     ConocoPhillips violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to the North Cypress Plaintiffs -- by, among other things, entering into arrangements with third-party administrators (such as Aetna) under which such third-party administrators determine the amounts of plan benefits that would be paid to those plan beneficiaries based on maximizing profit to such third-party administrators (by means of slashing benefits payments, as described herein), rather than based on the terms of the plans and on the applicable statutes and regulations.   Furthermore, ConocoPhillips has violated Section 4151.117(b), Tex. Ins. Code which also amounts to a breach of fiduciary duty.

42.     ConocoPhillips further violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to the North Cypress Plaintiffs -- by, among other things, improperly making changes to the applicable ERISA health benefits plans disallowing patients covered under such plans from receiving treatment from North Cypress except in a supposed "true emergency."

43.     ConocoPhillips further violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to North Cypress -- by, among other things, making the changes to the applicable ERISA health benefits plans described in the preceding paragraph, in response to (untruthful) allegations that Aetna made concerning supposed illegal billing practices by North Cypress, without independently investigating and/or conducting due diligence regarding said allegations.

44.     ConocoPhillips further violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to North Cypress -- by, among other things, failing to provide to beneficiaries

adequate notice concerning denial of claims (as described herein), as required by 29 U.S.C. §
1133(1); and by failing to provide to participants a reasonable opportunity for "full and fair
review" concerning denial of claims (as described herein), as required by 29 U.S.C. § 1133(2).
As such, in pursuing their claim for ConocoPhillips' violation of its fiduciary duties under
ERISA, Plaintiffs should be excused of any requirement to exhaust internal administrative
remedies as futile.

45.     North Cypress is entitled to assert a claim for relief for ConocoPhillips' violation
of its fiduciary duties under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), including restitution,
injunctive and declaratory relief, and ConocoPhillips' removal as a breaching fiduciary.

## COUNT 3

### THIRD CAUSE OF ACTION
### Unjust Enrichment

46.     Plaintiffs repeat and reallege Paragraphs 1 through 45 (inclusive) of this
Complaint with the same force and effect as if set forth at length in this paragraph.

47.     The acts and omissions of ConocoPhillips described herein, with regard to plans
for which ConocoPhillips is the plan sponsor, constitute unfair and unconscionable methods, acts
and/or practices through which ConocoPhillips wrongfully retained monies that rightfully and
equitably should have been paid to North Cypress.

48.     As a matter of equity, North Cypress is entitled to restitution of all benefits that
ConocoPhillips received as a result of such conduct, as it would be unconscionable for
ConocoPhillips to retain such inequitably received benefits.

## COUNT 4

## FOURTH CAUSE OF ACTION

### Violation of Texas Deceptive Trade-Practices Act, Tex. Ins. Code § 541

49.     Plaintiffs repeat and reallege Paragraphs 1 through 48 (inclusive) of this Complaint with the same force and effect as if set forth at length in this paragraph.

50.     North Cypress received assignments of benefits from patients (including, but not limited to, the Individual Plaintiffs) who are covered under health benefits plans for which ConocoPhillips is the plan sponsor.  The assignments of benefits that North Cypress received from such patients confers upon North Cypress the same standing to bring an action against ConocoPhillips under the Texas Deceptive Trade-Practices Act, Texas Insurance Code § 541, as that held by such patients who made such assignments and to bring causes of action in their names.

51.     The Texas Deceptive Trade-Practices Act, Texas Insurance Code § 541(2), provides that "[a] person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice (1) defined in Subchapter B to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance; or (2) specifically enumerated in Section 17.46(b), Business & Consumer Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment."

52.     Section 4151.117 of the Texas Insurance Code provides that "[a]n insurer or plan sponsor may not permit or provide compensation or another thing of value to an administrator that is based on the savings accruing to the insurer or plan sponsor because of adverse determinations regarding claims for benefits, reductions of or limitations on benefits, or other analogous actions inconsistent with this chapter, that are made or taken by the administrator."

15

53.     ConocoPhillips violated Section 4151.117 of the Texas Insurance Code by entering into arrangements with third-party administrators (such as Aetna) under which such third-party administrators determine the amounts of plan benefits that would be paid to plan beneficiaries based on maximizing profit to such third-party administrators (via compensation to Aetna as a percentage of savings for the denial of claims, as described herein), rather than based on the terms of the plans and on the applicable statutes and regulations.

54.     The conduct set forth in the foregoing paragraph constitutes a specifically enumerated unlawful deceptive trade practice by ConocoPhillips under Section 17.46(b)(12) of the Texas Business & Consumer Code Section 4151.117, which expressly prohibits a plan sponsor (such as ConocoPhillips) from compensating a third-party administrator (such as Aetna) based on a percentage of savings from the denial of claims.

55.     As a direct and proximate result of the foregoing, patients (including, but not limited to, the Individual Plaintiffs) and/or North Cypress has sustained damages, including (but not limited to) the difference between the amounts that ConocoPhillips was required to pay to patients and/or North Cypress under the applicable health benefits plans and the improperly reduced amounts that ConocoPhillips did in fact pay.

## COUNT 5

### RULE 54(c) RELIEF

56.     The allegations contained in paragraphs 1 through 55 are re-alleged and incorporated herein as if set forth *verbatim.*

57.     Plaintiffs are also entitled to all relief whether or not requested herein pursuant to Rule 54(c), Fed. R. Civ. P., which is supported by the facts, allegations presented herein and evidence presented in an amount in excess of the jurisdictional limits of this Court.

## COUNT 6

### DAMAGES

58.     The allegations contained in paragraphs 1 through 57 are re-alleged and incorporated herein as if set forth *verbatim*.

59.     The Plaintiffs are entitled to compensatory damages in an amount in excess of the jurisdictional limits of this Court.

## COUNT 7

### ATTORNEY'S FEES

60.     The allegations contained in paragraphs 1 through 59 are re-alleged and incorporated herein as if set forth *verbatim*.

61.     Pursuant to ERISA § 17.41 and Tex. Bus. & Comm. Code, §§ 38.001, *et seq.*, Tex. Civ. Prac. & Rem. Code, the Plaintiffs are entitled to the award of attorney's fees in the amount of at least $250,000.

## COUNT 8

### PUNITIVE/EXEMPLARY DAMAGES

62.     The allegations contained in paragraphs 1 through 61 are re-alleged and incorporated herein as if set forth *verbatim*.

63.     The acts and omissions on the part of ConocoPhillips were committed with malice and were intentional in nature, justifying the imposition of punitive and exemplary damages against ConocoPhillips in an amount in excess of the jurisdictional limits of this Court.

## COUNT 9

### REQUEST FOR DECLARATORY JUDGMENT

64.     The allegations contained in paragraphs 1 through 63 are re-alleged and incorporated herein as if set forth *verbatim*.

65.     Pursuant to 28 U.S.C. § 2201 and Chapter 37, Tex. Civ. Prac. & Rem. Code, Plaintiffs seek a declaratory judgment in addition to those requested hereinabove from this Court that:

a.     ConocoPhillips' specific exclusion in PPO Plans and other Plans of goods and services except for true emergencies at North Cypress in which the participants paid and continue to pay premiums/contributions for such services is void as against public policy, is the perpetration of a fraud against the participants and is a violation of both state and federal laws;

b.     ConocoPhillips' financial conflict of interest with its third party administrators violates § 4151.117(b), Tex. Ins. Code and any such contractual provisions/agreements between ConocoPhillips and its Third Party Administrators are void as against public policy;

c.     Plaintiffs properly submitted all claims for reimbursement of healthcare benefits to ConocoPhillips at any time in compliance with all state and federal laws;

d.     Plaintiffs did not engage in any acts of fraud or misrepresentation in their collective attempts to recover healthcare benefits from ConocoPhillips at any time;

e.     North Cypress, as beneficiary of its patients claims, is entitled to be fully reimbursed by ConocoPhillips at the usual, customary and reasonable rate and/or the Maximum Reimbursable Charge for all healthcare made claims by Plaintiffs, as set forth in ConocoPhillips' applicable plans and/or policies; and,

f.     it would have been futile for North Cypress to continue to attempt to pursue administrative remedies through ConocoPhillips.

66.     Pursuant to Section 37.009 of the Tex. Civ. Prac. & Rem. Code and 28 U.S.C. § 201, Plaintiffs seek to recover their costs and all reasonable and necessary attorneys' fees as are

equitable and just in the litigation of this matter which will be in excess of the jurisdictional limits of the court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs North Cypress Medical Center Operating Company, Ltd., North Cypress Medical Center Operating Company GP, LLC, Betty Faye Kosley and David Bradley Wilbanks hereby demand judgment in their favor against Defendant ConocoPhillips as follows:

a.   for monetary damages under ERISA with regard to the ERISA plans at issue, including (but not limited to) the difference between the amounts that ConocoPhillips was required to pay to patients and/or the North Cypress Plaintiffs under the applicable ERISA health benefits plans and the improperly reduced amounts that ConocoPhillips did pay;

b.   for declaratory and injunctive relief with regard to the ERISA plans at issue, including (but not limited to) a declaration that ConocoPhillips has violated its fiduciary duties under ERISA; removal of ConocoPhillips from its position as a fiduciary with regard to the ERISA plans at issue; an order compelling ConocoPhillips to provide Plaintiff with access to all plan and plan-associated documents at issue in this litigation;

c.   for restitution of all benefits by which ConocoPhillips was unjustly enriched with regard to both the ERISA and non-ERISA plans at issue, including (but not limited to) the difference between the amounts ConocoPhillips was required to pay to patients and/or the North Cypress Plaintiffs under the applicable ERISA and non-ERISA health benefits plans and the improperly reduced amounts that ConocoPhillips did pay;

d.   for an award to Plaintiffs of reasonable attorneys' fees and costs under Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1);

e.   for an award to Plaintiffs of all costs and disbursements of this action, including (but not limited to) all attorneys' fees, costs and expenses;

f.   for pre-judgment interest on all of Plaintiffs' claims; and

g.   for an order granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ J. Douglas Sutter

By: _____

**J. DOUGLAS SUTTER**
State Bar No. 19525500
Federal ID No. 3791

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

**OF COUNSEL**
**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas  77056
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all claims and causes of action.

/s/ J. Douglas Sutter

_____

**J. DOUGLAS SUTTER**