IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC, BETTY FAYE KOSLEY AND DAVID BRADLEY WILBANKS, | § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. H-14-2248 |
| CONOCOPHILLIPS, INCORPORATED | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ConocoPhillips Company, improperly named "ConocoPhillips, Incorporated" ("ConocoPhillips"), files this Original Answer to the Original Complaint (the "Complaint") filed by Plaintiffs North Cypress Medical Center Operating Company, Ltd, North Cypress Medical Center Operating Company GP, LLC, Betty Faye Kosley, and David Bradley Wilbanks (collectively, "North Cypress"), and would respectfully show the Court as follows:[1]

## I.
## DEFENDANT'S ORIGINAL ANSWER

### PARTIES

1.     With respect to the allegations contained in paragraph 1 of the Complaint, ConocoPhillips admits that North Cypress Medical Center Operating Company, Ltd. is a Texas limited partnership doing business in Harris County, Texas. ConocoPhillips further admits that North Cypress Medical Center Operating Company GP, LLC is a Texas limited liability company doing business in Harris County, Texas, and is the general partner of North Cypress Medical Center Operating Company, Ltd. ConocoPhillips otherwise denies the allegations contained in

---

[1] ConocoPhillips files this Original Answer subject to its Motion to Dismiss, which was filed contemporaneously herewith on October 6, 2014.

paragraph 1 of the Complaint. No response is required for the legal assertions contained in paragraph 1 of the Complaint.

2. With respect to the allegations contained in paragraph 2 of the Complaint, ConocoPhillips admits that it sponsored a healthcare benefit plan that would provide covered medical benefits to its eligible employees and their beneficiaries (the "Plan"). Because the Complaint fails to provide sufficient information regarding the individual plaintiffs, ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and on that basis denies those allegations.

3. With respect to the allegations contained in paragraph 3 of the Complaint, ConocoPhillips admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas. ConocoPhillips further admits that it sponsors the Plan under which its employees and their dependents may receive covered medical benefits. ConocoPhillips otherwise denies the allegations contained in paragraph 3 of the Complaint. No response is required for the legal assertions contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. ConocoPhillips admits that this Court has jurisdiction over this matter, but otherwise denies the allegations contained in paragraph 4 of the Complaint.

5. ConocoPhillips admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division, but otherwise denies the allegations contained in paragraph 5 of the Complaint.

## INTRODUCTION

6. ConocoPhillips denies the allegations contained in paragraph 6 of the Complaint. No response is required to the legal assertions contained in paragraph 6 of the Complaint.

7. With respect to the allegation contained in the first sentence of paragraph 7 of the Complaint, ConocoPhillips admits that it sponsors the Plan, which provides covered medical benefits to eligible employees and their dependents, but otherwise denies the allegations. With respect to the second sentence of paragraph 7 of the Complaint, ConocoPhillips admits that the Plan provides certain out-of-network medical benefits to eligible employees and their dependents, and that North Cypress is an out-of-network provider, but otherwise denies the allegations. With respect to the third sentence of paragraph 7 of the Complaint, ConocoPhillips admits that the Plan allows for reimbursement of covered medical services provided to eligible employees and their dependents and that such reimbursement is made pursuant to the terms of the Plan, which speak for themselves. With respect to the fourth sentence of paragraph 7 of the Complaint, ConocoPhillips admits that, effective January 1, 2012, the Plan excluded coverage for non-emergency inpatient and outpatient services provided at North Cypress. ConocoPhillips otherwise denies the allegations contained in paragraph 7 of the Complaint. No response is required for the legal assertions contained in paragraph 7 of the Complaint.

8. With respect to the allegations contained in paragraph 8 of the Complaint, ConocoPhillips admits that the Plan provides coverage for certain medical benefits to eligible employees and their dependents, as reflected in the terms of the Plan, which speak for themselves. ConocoPhillips further admits that, pursuant to the Plan's terms, plan members are typically required to pay a portion of the cost for covered medical services (*e.g.*, co-pay, coinsurance, and/or deductible). ConocoPhillips otherwise denies the allegations contained in

paragraph 8 of the Complaint. No response is required for the legal assertions contained in paragraph 8 of the Complaint.

9. ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies the allegations. No response is required for legal assertions contained in paragraph 9 of the Complaint.

## APPLICABLE FACTS

10. With respect to the allegations contained in paragraph 10 of the Complaint, ConocoPhillips admits that Aetna serves as the Plan's third-party administrator. ConocoPhillips otherwise denies the allegations contained in paragraph 10 of the Complaint. No response is required for the legal assertions contained in paragraph 10 of the Complaint.

11. With respect to the allegations contained in paragraph 11 of the Complaint, ConocoPhillips admits that Aetna serves as the Plan's third-party administrator. ConocoPhillips otherwise denies the allegations contained in paragraph 11 of the Complaint. No response is required for the legal assertions contained in paragraph 11 of the Complaint.

12. With respect to the allegations contained in paragraph 12 of the Complaint, ConocoPhillips admits that Aetna serves as the Plan's third-party administrator. ConocoPhillips otherwise denies the allegations contained in paragraph 12 of the Complaint. No response is required for the legal assertions contained in paragraph 12 of the Complaint.

13. With respect to the allegations contained in paragraph 13 of the Complaint, ConocoPhillips admits that Aetna serves as the Plan's third-party administrator. ConocoPhillips otherwise denies the allegations contained in paragraph 13 of the Complaint. No response is required for the legal assertions contained in paragraph 13 of the Complaint.

14. ConocoPhillips denies the allegations contained in paragraph 14 of the Complaint. No response is required for the legal assertions contained in paragraph 14 of the Complaint.

15. ConocoPhillips denies the allegations contained in paragraph 15 of the Complaint. No response is required for the legal assertions contained in paragraph 15 of the Complaint.

16. ConocoPhillips denies the allegations contained in paragraph 16 of the Complaint. No response is required for the legal assertions contained in paragraph 16 of the Complaint.

17. ConocoPhillips denies the allegations contained in paragraph 17 of the Complaint. No response is required for the legal assertions contained in paragraph 17 of the Complaint.

18. ConocoPhillips denies the allegations contained in paragraph 18 of the Complaint. No response is required for the legal assertions contained in paragraph 18 of the Complaint.

19. ConocoPhillips denies the allegations contained in paragraph 19 of the Complaint. No response is required for the legal assertions contained in paragraph 19 of the Complaint.

20. With respect to the allegations contained in paragraph 20 of the Complaint, ConocoPhillips admits that, effective January 1, 2012, the Plan excluded coverage for non-emergency inpatient and outpatient service provided at North Cypress. ConocoPhillips otherwise denies the allegations contained in paragraph 20 of the Complaint. No response is required for the legal assertions contained in paragraph 20 of the Complaint.

21. ConocoPhillips denies the allegations contained in paragraph 21 of the Complaint. No response is required for the legal assertions contained in paragraph 21 of the Complaint.

22. ConocoPhillips denies the allegations contained in paragraph 22 of the Complaint. No response is required for the legal assertions contained in paragraph 22 of the Complaint.

23. No response is required for the legal assertions contained in paragraph 23 of the Complaint.

HOU:3477344.1

24. ConocoPhillips denies the allegations contained in paragraph 24 of the Complaint. No response is required for the legal assertions contained in paragraph 24 of the Complaint.

25. With respect to the allegations contained in paragraph 25 of the Complaint, ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies the allegations. No response is required for the legal assertions contained in paragraph 25 of the Complaint.

26. ConocoPhillips denies the allegations contained in paragraph 26 of the Complaint. No response is required for the legal assertions contained in paragraph 26 of the Complaint

## COUNT 1

### FIRST CAUSE OF ACTION
### Claims Under § 502(a) of ERISA, 29 U.S.C. § 1132(a)

27. With respect to paragraph 27 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-26 above. ConocoPhillips otherwise denies the allegations contained in paragraph 27 of the Complaint.

28. ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies the allegations. No response is required for the legal assertions contained in paragraph 28 of the Complaint.

29. ConocoPhillips denies the allegations contained in paragraph 29 of the Complaint. No response is required for the legal assertions contained in paragraph 29 of the Complaint.

30. ConocoPhillips denies the allegations contained in paragraph 30 of the Complaint. No response is required for the legal assertions contained in paragraph 30 of the Complaint.

HOU:3477344.1

31. ConocoPhillips denies the allegations contained in paragraph 31 of the Complaint. No response is required for the legal assertions contained in paragraph 31 of the Complaint.

32. ConocoPhillips denies the allegations contained in paragraph 32 of the Complaint. No response is required for the legal assertions contained in paragraph 32 of the Complaint.

33. ConocoPhillips denies the allegations contained in paragraph 33 of the Complaint. No response is required for the legal assertions contained in paragraph 33 of the Complaint.

34. ConocoPhillips denies the allegations contained in paragraph 34 of the Complaint, and further denies that Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 34 of the Complaint.

## COUNT 2

### SECOND CAUSE OF ACTION
**Violation of Fiduciary Duties of Loyalty and Due Care Under ERISA**

35. With respect to paragraph 35 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-34 above. ConocoPhillips otherwise denies the allegations contained in paragraph 35 of the Complaint.

36. ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies the allegations. No response is required for the legal assertions contained in paragraph 36 of the Complaint.

37. ConocoPhillips denies the allegations contained in paragraph 37 of the Complaint. No response is required for the legal assertions contained in paragraph 37 of the Complaint.

38. ConocoPhillips denies the allegations contained in paragraph 38 of the Complaint. No response is required for the legal assertions contained in paragraph 38 of the Complaint.

HOU:3477344.1

39. ConocoPhillips denies the allegations contained in paragraph 39 of the Complaint. No response is required for the legal assertions contained in paragraph 39 of the Complaint.

40. ConocoPhillips denies the allegations contained in paragraph 40 of the Complaint. No response is required for the legal assertions contained in paragraph 40 of the Complaint.

41. ConocoPhillips denies the allegations contained in paragraph 41 of the Complaint. No response is required for the legal assertions contained in paragraph 41 of the Complaint.

42. ConocoPhillips denies the allegations contained in paragraph 42 of the Complaint. No response is required for the legal assertions contained in paragraph 42 of the Complaint.

43. ConocoPhillips denies the allegations contained in paragraph 43 of the Complaint. No response is required for the legal assertions contained in paragraph 43 of the Complaint.

44. ConocoPhillips denies the allegations contained in paragraph 44 of the Complaint. No response is required for the legal assertions contained in paragraph 44 of the Complaint.

45. ConocoPhillips denies the allegations contained in paragraph 45 of the Complaint, and further denies that Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 45 of the Complaint.

## COUNT 3

### THIRD CAUSE OF ACTION
### Unjust Enrichment

46. With respect to paragraph 46 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-45 above. ConocoPhillips otherwise denies the allegations contained in paragraph 46 of the Complaint.

47. ConocoPhillips denies the allegations contained in paragraph 47 of the Complaint. No response is required for the legal assertions contained in paragraph 47 of the Complaint.

HOU:3477344.1

48. ConocoPhillips denies the allegations contained in paragraph 48 of the Complaint, and further denies that Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 48 of the Complaint.

## COUNT 4

### FOURTH CAUSE OF ACTION
**Violation of Texas Deceptive Trade-Practices Act, Tex. Ins. Code § 541**

49. With respect to paragraph 49 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-48 above. ConocoPhillips otherwise denies the allegations contained in paragraph 49 of the Complaint.

50. ConocoPhillips is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies the allegations. No response is required for the legal assertions contained in paragraph 50 of the Complaint.

51. No response is required for the legal assertions contained in paragraph 51 of the Complaint.

52. No response is required for the legal assertions contained in paragraph 52 of the Complaint.

53. ConocoPhillips denies the allegations contained in paragraph 53 of the Complaint. No response is required for the legal assertions contained in paragraph 53 of the Complaint.

54. No response is required for the legal assertions contained in paragraph 54 of the Complaint.

55. ConocoPhillips denies the allegations contained in paragraph 55 of the Complaint, and further denies that Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 55 of the Complaint.

HOU:3477344.1

## COUNT 5

### RULE 54(C) RELIEF

56. With respect to paragraph 56 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-55 above. ConocoPhillips otherwise denies the allegations contained in paragraph 56 of the Complaint.

57. ConocoPhillips denies the allegations contained in paragraph 57 of the Complaint, and further denies that Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 57 of the Complaint.

## COUNT 6

### DAMAGES

58. With respect to paragraph 58 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-57 above. ConocoPhillips otherwise denies the allegations contained in paragraph 58 of the Complaint.

59. ConocoPhillips denies the allegations contained in paragraph 59 of the Complaint, and further denies that Plaintiffs are entitled to any of the relief requested in that paragraph.

## COUNT 7

### ATTORNEY'S FEES

60. With respect to paragraph 60 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-59 above. ConocoPhillips otherwise denies the allegations contained in paragraph 60 of the Complaint.

61. ConocoPhillips denies the allegations contained in paragraph 61 of the Complaint, and further denies that Plaintiffs are entitled to recover any attorneys' fees in this case. No response is required for the legal assertions contained in paragraph 61 of the Complaint.

HOU:3477344.1

## COUNT 8

### PUNITIVE/EXEMPLARY DAMAGES

62. With respect to paragraph 62 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-61 above. ConocoPhillips otherwise denies the allegations contained in paragraph 62 of the Complaint.

63. ConocoPhillips denies the allegations contained in paragraph 63 of the Complaint, and further denies that Plaintiffs are entitled to any of the relief requested in that paragraph. No response is required for the legal assertions contained in paragraph 63 of the Complaint.

## COUNT 9

### REQUEST FOR DECLARATORY RELIEF

64. With respect to paragraph 64 of the Complaint, ConocoPhillips incorporates by reference paragraphs 1-63 above. ConocoPhillips otherwise denies the allegations contained in paragraph 64 of the Complaint.

65. ConocoPhillips denies the allegations contained in paragraph 65 of the Complaint, and further denies that Plaintiffs are entitled to any of the declaratory relief requested in that paragraph, including its subparts. No response is required for the legal assertions contained in paragraph 65 of the Complaint.

66. ConocoPhillips denies the allegations contained in paragraph 66 of the Complaint, and further denies that Plaintiffs are entitled to recover any attorneys' fees in this case. No response is required for the legal assertions contained in paragraph 66 of the Complaint.

### PRAYER FOR RELIEF

67. ConocoPhillips denies that Plaintiffs are entitled to any of the relief requested in the Prayer of the Complaint.

68. ConocoPhillips denies that Plaintiffs are entitled to a jury trial in this matter.

69. All factual assertions contained in the Complaint not expressly admitted above are denied.

## II.
## DEFENDANT'S AFFIRMATIVE DEFENSES

70. The Plaintiffs' Complaint seeks benefits from ConocoPhillips pursuant to employee welfare benefit plans governed by ERISA. Any state law claims asserted by Plaintiffs relate to such plans and are preempted by ERISA.

71. The Plaintiffs' remedies for any alleged acts or omissions are limited to those afforded by ERISA, as Plaintiffs' claims are governed by ERISA.

72. Any decisions made regarding the Plaintiffs' claims for assigned benefits were not an abuse of discretion.

73. Any decisions made regarding the Plaintiffs' claims for assigned benefits were not arbitrary or capricious.

74. Any benefit determinations with respect to the Plaintiffs' claims for benefits were proper and correct under the terms of the Plan.

75. The Plaintiffs' damages, if any be proved, should be reduced by the amount attributable to the Plaintiffs' failure to mitigate damages.

76. On information and belief, the Plaintiffs' claims against ConocoPhillips are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, applicable limitations periods, and/or unclean hands.

77. The Plaintiffs failed to perform all conditions necessary to recover from ConocoPhillips in this lawsuit.

HOU:3477344.1

78. The Plaintiffs' damages, if any be proved, should be offset by the amount of any overpayments made to the Plaintiffs.

79. The Plaintiffs' claims are barred to the extent any of the administrative remedies provided for in the Plan were not exhausted.

80. The Plaintiffs' claims are barred by the doctrine of payment.

81. The Plaintiffs' claims fail due to lack of standing.

82. The Plaintiffs fail to state a claim for which relief may be granted.

83. The Plaintiffs' claim for unjust enrichment fails due to the existence of a contract that governs the subject matter of the dispute.

84. The Plaintiffs' claim under the Texas Deceptive Trade Practices Act fails because such claims are not assignable.

85. The Plaintiffs' claim under the Texas Deceptive Trade Practices Act fails as to North Cypress because North Cypress is not a consumer as defined by the Act and, therefore, lacks standing to bring such a claim.

86. The Plaintiffs' claim under the Texas Deceptive Trade Practices Act violates Rule 11 of the Federal Rules of Civil Procedure because (i) the claim is being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (ii) the claim is not warranted by existing law; and (iii) the alleged factual contentions do not have or are not likely to have any evidentiary support.

87. Any damages allegedly sustained by the Plaintiffs, if any be proved, were caused in whole or in part by the culpable conduct of the Plaintiffs or third parties or instrumentalities over whom ConocoPhillips had no right or control and, therefore, the amount of any damages

otherwise recoverable by the Plaintiffs against ConocoPhillips should be extinguished or reduced in comparative proportion to the culpable conduct of the Plaintiffs or any other third parties.

## III.
### PRAYER

Defendant ConocoPhillips Company prays that upon final trial or hearing they be awarded judgment; that the Plaintiffs take nothing on their claims; that Defendant be awarded its costs of court and attorneys' fees; and for such other and further relief to which they may be justly entitled.

Respectfully submitted

By: *s/ John B. Shely*
JOHN B. SHELY
State Bar No. 18215300
jshely@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 – Fax

OF COUNSEL:

ANDREWS KURTH LLP
and
JEFFREY D. MIGIT
State Bar No. 00794306
jmigit@andrewskurth.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT CONOCOPHILLIPS
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users:"

J. Douglas Sutter
Kelly, Sutter & Kendrick
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570

*s/ Jeffrey D. Migit*
Jeffrey D. Migit