**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORTH CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY, LTD.,** | § | |
| **NORTH CYPRESS MEDICAL CENTER** | § | |
| **OPERATING COMPANY GP, LLC.,** | § | |
| **BETTY FAYE KOSLEY AND** | § | **C.A. No. 4:14-cv-02248** |
| **DAVID BRADLEY WILBANKS** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CONOCOPHILLIPS, INCORPORATED** | § | |

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGES OF SAID COURT:**

COME NOW Plaintiffs, **NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD. and NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC** (collectively, "Plaintiffs" or "North Cypress") and file this Second Amended Original Complaint with leave of Court granted on January 14, 2015, complaining of Defendants, **CONOCOPHILLIPS COMPANY** (previously referred to as "ConocoPhillips, Incorporated") and the **CONOCOPHILLIPS EMPLOYEE MEDICAL BENEFIT PLAN** and would show the following:

**PARTIES**

1.    Plaintiff North Cypress Medical Center Operating Company, Ltd. is a Texas limited partnership doing business in Harris County, Texas and is the lawful assignee of all of the claims asserted herein.  Plaintiff North Cypress Medical Center Operating Company GP, LLC is a Texas limited liability company doing business in Harris County, Texas, is the General Partner of North Cypress Medical Center Operating Company, Ltd. and is the lawful assignee of all of the claims asserted herein.  Both North Cypress entities are assignees.  Even if the General

Partner was not an assignee, it would be required to be a party to this case since only a general partner may take such actions on behalf of its limited partnership.

2.      Defendant ConocoPhillips Company is a Delaware corporation with its corporate headquarters located in Houston, Texas and during all material times acted as the Plan Sponsor-Employer and the fiduciary of its numerous healthcare plans.  ConocoPhillips has appeared herein and may be served with this pleading through its counsel, John B. Shely and Jeffrey D. Migit, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002.

3.      ConocoPhillips Employee Medical Benefit Pan is an ERISA employee welfare benefit plan which made an appearance herein on January 14, 2015, and therefore, may be served through its counsel, John B. Shely and Jeffrey D. Migit, Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002.  Both Defendants will be collectively referred to herein as "Defendants" or "ConocoPhillips."

## JURISDICTION AND VENUE

4.      Plaintiffs' claims arise *in part* under 29 U.S.C. §§ 1001 *et seq.*, Employment Retirement Income Security Act ("ERISA"), under 28 U.S.C. § 1331 (federal question jurisdiction) and under 28 U.S.C. § 1332 (diversity of citizenship).

5.      Venue is appropriately established in this Court under 28 U.S.C. § 1391 because Defendant ConocoPhillips conducts a substantial amount of business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRODUCTION

6.      Plaintiffs assert claims sounding in ERISA as well as specific State law, §4151.117, Tex. Ins. Code, which is not pre-empted by ERISA.

7.     Plaintiffs bring this action pursuant to healthcare plans directly sponsored and administered by ConocoPhillips for both underpayment and failure to pay healthcare claims. The PPO Plans at issue permit subscribers to obtain healthcare services from facilities such as North Cypress which have not entered into contracts with ConocoPhillips' Third Party Administrator, Aetna Life Insurance Company ("Aetna") referred to as "out-of-network," "non-participating" or "non-par" providers.  ConocoPhillips is required under the terms of its plans to promptly pay benefits for such out-of-network and emergent care services based on the usual, customary and reasonable rate ("UCR") for that service and/or the rate as defined in the particular plans.  However, after being knowledgeable of North Cypress' charges and paying same for five years, as of January 1, 2012, ConocoPhillips amended its Plan to specifically exclude all goods and services, even "medically necessary" goods and services, provided to its participants at North Cypress except for undefined "true emergencies" even though the Plan members paid for, bargained for, contracted for, earned, continue to pay for and were promised those benefits.

8.     Generally, a patient's healthcare benefit plan is governed by the applicable provisions of ERISA, 29 U.S.C. §§ 1001 *et seq.*  The patient's ERISA health plan is interpreted by the plan administrator, which is the employer and not by a third party administrator such as Aetna unless such authority has been delegated or assigned to Aetna by the Plan Sponsor. Nonetheless, as the Plan sponsor/fiduciary, ConocoPhillips remains responsible for interpretation of the Plan and the payments of Plan benefits.  Furthermore, it was ConocoPhillips which amended the Plan to exclude all "medically necessary" goods and services at North Cypress except for undefined "true emergencies" even though the assignor-participants had paid for, continue to pay for, contracted and bargained for and were promised benefits in an agreement

(the Plan) with ConocoPhillips.  (At the present, this action does not form the basis of North Cypress' causes of action; however, the Court only dismissed without prejudice this claim providing the Plaintiffs the right to reassert same.)  The employee member pays a part of the cost of the health insurance and with regard to the provision of out-of-network benefits in a PPO Plan, the member pays more for those benefits and/or earns those benefits in consideration of the services he provides to his employer.  The Plan provides the employee member certain benefits, which includes the right to go to a doctor or facility of his/her choice to treat illness and to obtain reimbursement.

9.    With regard to all ConocoPhillips' beneficiaries/members/subscribers, North Cypress requires that they sign documents whereby the employee member or subscriber agrees to be personally responsible for all charges of North Cypress.  As a part of these documents, North Cypress obtains an Assignment of Benefits and Rights that makes North Cypress the beneficiary of the ERISA Plan.  The individual Plaintiffs signed those Assignments.  Attached hereto and incorporated herein for all purposes as Exhibit "A" is a copy of the Assignment utilized by North Cypress.  The Assignment signed by the patient assignors is extremely broad and not only assigns to North Cypress health claims but also assigns all rights and causes of action which the patients have against their Employers/Plan Sponsors and payors/insurance companies.  As such, North Cypress has complete standing to sue ConocoPhillips on both the members' and its own behalf for damages and losses sustained as a result of ConocoPhillips' breaches of fiduciary duties, failure to follow Plan provisions for the payment of benefits and for other claims and for excluding coverages from the Plan for which the members paid and continue to pay premiums/contributions and for which they bargained and contracted. North Cypress does not waive a deductible or co-payment by the acceptance of the Assignment.

## APPLICABLE FACTS

10.     At all materials times, Aetna was/is ConocoPhillips' Third Party Administrator which sold its products (Plans) and services to ConocoPhillips.  "Aetna" is a brand name used for products and services provided by one or more of the Aetna group of subsidiaries that offer, underwrite or administer health benefits, including ConocoPhillips' Plan.  ConocoPhillips is the ERISA fiduciary and as such, it must comply with fiduciary standards.  Under Fifth Circuit precedent, the Employer, ConocoPhillips is a proper party defendant pursuant to ERISA §502(d)(2) together with the Plan.  Furthermore, ConocoPhillips is a co-fiduciary with its TPA pursuant to 29 U.S.C. §1105(a)(1).  The patient assignors obtained "medically necessary" goods and services at North Cypress and signed Assignments to North Cypress wherein North Cypress was provided authority to make claims against ConocoPhillips.  Some also received emergency treatments which are specifically covered under ConocoPhillips new Plan.  ConocoPhillips failed to properly reimburse North Cypress for these, and other claims

*Background:*

11.     As the fiduciary for self-funded health plans, ConocoPhillips is obligated to comply with ERISA's fiduciary duties.  Even though, Aetna exercises discretionary authority and control in its interactions with ConocoPhillips' self-funded health plans and their subscribers, ConocoPhillips remains the Plan fiduciary with complete control over the operation and maintenance of its Plan.  It also remains a co-fiduciary pursuant to 29 U.S.C. §1105(a)(1). (Furthermore, it was ConocoPhillips which amended the Plan to divest from its subscribers coverage for "medically necessary" goods and services at North Cypress after and while the assignor-participants had contracted for and paid for those goods and services.)

12.    A self-funded health benefit plan is an insurance plan in which a plan sponsor acts as the insurer and makes payments on claims out of funds maintained for this purpose.  Most plan sponsors, as does ConocoPhillips, retain the services of an insurance company such as Aetna to administer their self-funded health benefit plans.

13.    Aetna has entered into ASA agreements ("Administrative Services Agreements") with Plan Sponsors pursuant to which Aetna administers those Plan Sponsors' self-funded health benefit plans.  ConocoPhillips unlawfully contracted with Aetna to pay a percentage of "Savings" Aetna obtained from North Cypress and other out-of-network providers.  North Cypress has standing to bring claims for these unlawful acts as it is the assignee of the ConocoPhillips' enrollee-assignees.

14.    By making and/or permitting claim determinations without valid or appropriate data and/or reasons to support reduced payments, ConocoPhillips violated its fiduciary obligations under ERISA as well as disclosure and other statutory obligations.

15.    All claims herein are brought on behalf of all Plaintiffs based primarily upon the Assignments obtained by ConocoPhillips' subscribers.

***Standing:***

16.    It is well established that the healthcare provider, though not a statutorily designated risk beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiaries' claim.  Specifically, an assignee of a plan participant has derivative standing to bring a cause of action for enforcement under ERISA.  This is so because a plan participant's assignee is considered a "beneficiary" of the plan and, therefore, may bring litigation to collect benefits owed under the plan.  North Cypress acquired standing to sue for both ERISA and non-ERISA claims as its patient's beneficiary by routinely obtaining Assignments of the patient's

benefits and rights.  (Exhibit "A")  North Cypress requires that the ConocoPhillips participants sign documents whereby the employee members assigns all benefits and rights which makes North Cypress a beneficiary of the ERISA plan and the non-ERISA contracts.  (*Id*.)  North Cypress does not waive a deductible or co-payment by the acceptance of the Assignment.  Each participant, in writing, assigns his or her rights under his or her health benefits plan to North Cypress.  (*Id*.)  North Cypress thereby becomes a beneficiary under the terms of the healthcare plan of the participant.

17.     ConocoPhillips member participants pay additional monies out-of-pocket for coverage at out-of-network facilities such as North Cypress.  The patient assignors did, in fact, seek and receive "medically necessary" treatment at North Cypress which ConocoPhillips recognized and paid in part.  The patients are directly harmed by having their contractually rights devalued by the improper interpretation of plan language by ConocoPhillips.  The moment ConocoPhillips deviates from its contractual obligations under the plan language, it has violated the patient's rights.  The violation or invasion of legal rights creates standing.

18.     While in the Assignments signed by ConocoPhillips' participants they agree to be personally responsible for the charges at North Cypress, once the claims are presented to ConocoPhillips and paid, the patient is no longer responsible for the amount of the bill actually paid.  ConocoPhillips recognized North Cypress' Assignments and made payments on North Cypress' claims.  Therefore, ConocoPhillips has waived any right and/or is estopped to claim that North Cypress does not have standing to make those claims.  If ConocoPhillips believed that North Cypress' Assignments from its participants were invalid, it would never have made any payments on the claims presented by North Cypress.  Each UB-04 claim form submitted by North Cypress to ConocoPhillips indicated the existence of a valid Assignment.  Since the

payments were in fact made, ConocoPhillips acknowledged that North Cypress has standing to bring claims in its own behalf and/or in the names of the ConocoPhillips' participants.

***Improper Claims Determinations:***

19.     For at least the past seven years and through the present, ConocoPhillips has known that its Third Party Administrator, Aetna, has targeted out-of-network facility providers, specifically North Cypress, with numerous "initiatives" and "interventions" designed to improperly determine UCR amounts and to conceal and misrepresent the manner in which it determines UCR and has approved of same.   In August, 2012, ConocoPhillips knew (and approved) that Aetna also intentionally targeted North Cypress in additional manners such as by "blacklisting" North Cypress from payment procedures through its National Advantage Program administered by Multi Plan, a wrapper network.   Aetna advised ConocoPhillips of these matters and actions and ConocoPhillips either agreed to or acquiesced to same.   At the same time, in this targeted attack, ConocoPhillips substantially increased the medical records requests in order to intentionally "stall" payments based upon the pretext that "expenses require further review."   In numerous appeals that have been made therefrom, ConocoPhillips has systematically failed to ever respond and produce copies of the requested plans and/or policies.

20.     By not paying or apparently, by threatening not to pay North Cypress for the Plaintiff patients' proper claims made for healthcare services rendered to ConocoPhillips' members/subscribers, ConocoPhillips and Aetna are committing an act of coercion or intimidation.

21.     ConocoPhillips' pattern of practice of providing inaccurate benefits for out-of-network services was also intended to increase the costs to its members of going out-of-network, thereby pressuring them to use in-network providers, subject to discounted rates.   In doing so,

ConocoPhillips breached the terms and conditions of its healthcare plans which govern the benefits available for its members and their treating healthcare providers.

22.     ConocoPhillips' deceitful and pervasive business practices forced North Cypress and many members to expend significant time and resources towards identifying, disputing and then appealing ConocoPhillips' improper reimbursement determinations, often times still resulting in underpayment.  ConocoPhillips' conduct violated its legal obligations to North Cypress as assignee and beneficiary of its patient's benefits and legal rights, and violated federal and state law as described herein causing North Cypress significant financial harm.

23.     For at least one year, Aetna kept ConocoPhillips apprised of its efforts to underpay North Cypress and to place "the tightest controls" on North Cypress in order to achieve a savings on North Cypress claims for legitimate healthcare goods and services provided to its participants.  Aetna also unlawfully informed ConocoPhillips that North Cypress was improperly referring to its emergency room patients with non-emergent conditions in order to receive higher benefits, misrepresenting to participants goods and services, providing unnecessary medical procedures and goods and was intentionally leaving patients in "observation" status in order to make more money.  Aetna had no proof of the allegations of wrongdoing and therefore never provided any proof of same to ConocoPhillips.  Nonetheless, ConocoPhillips approved of its Third Party Administrator implementing punitive "initiatives" and "interventions" against North Cypress.

***Specific Plan Exclusions:***

24.     The wrongful actions noted above culminated in 2012, when ConocoPhillips decided to enter into a "pilot program" wherein ConocoPhillips would continue to provide out-of-network benefits in its PPO Plans for which the participants had contracted to pay extra

premiums/contributions, but specifically excluded all "medically necessary" goods and services provided by North Cypress unless the goods and services were obtained as a result of an undefined "true emergency". However, even though less benefits were provided, under present information and belief, the patient assignors' contributions or "premiums" to the Plan were not commensurately reduced. Thus, ConocoPhillips took money from its participants for promised benefits not provided. This product/exclusion was put into effect on January 1, 2012. (As noted above, those facts do  not presently give rise to North Cypress' causes of action; however, "without prejudice, those causes may be reasserted.) Nonetheless, the arbitrary and capricious nature of the Plan's "true emergency" does form a basis for the actions brought herein. The "true emergency" adopted by ConocoPhillips was not to be determined by the prudent layman participant possessing an average knowledge of medicine as required by law and the Plan, but rather, "emergency" is to be decided by a "Medical Director," physician or registered nurse after-the-fact. The term "true emergency" is not defined anywhere in the ConocoPhillips' Plan, only "emergency" is defined. Furthermore, ConocoPhillips' participants contracted for out-of-network benefits at North Cypress and also paid for and continue to pay for those benefits. They also bargained for, contracted for and were promised such benefits.

***ConocoPhillips' ER Reimbursement:***

25.     ConocoPhillips is obligated to fully reimburse its members for use of out-of-network emergency services that satisfy a prudent lay person standard. Under this standard, ConocoPhillips must fully pay for ER services even if they are subsequently determined not to constitute an emergency so long as the ConocoPhillips' member reasonably believed the condition to be emergent at the time the member was seen in the ER. This standard precludes reliance on a medical professional's diagnostic conclusion after the claim is made well after the

patient's discharge because the medical professional is not a prudent lay person and has information unavailable to the prudent lay person at the time ER care was sought.

26.     For many ConocoPhillips members, ConocoPhillips denied reimbursement for ER services at North Cypress that were properly considered emergent under the prudent lay person standard, but rather, determined after-the-fact/time of the ER service whether there was an emergency by the use of a physician Medical Director.  The practice accelerated on January 1, 2012, after Conoco excluded "medically necessary" goods and services only at North Cypress, when it began to only pay for its members' undefined "true emergencies" as subsequently determined by ConocoPhillips' Third Party Administrator's "Medical Director."  However, in an arbitrary and capricious act, ConocoPhillips did not even define in the Plan the term "true emergency" which itself is actionable.

***Document Requests/Civil Penalties:***

27.     The civil enforcement section of ERISA, particularly 502(c), codified at 29 U.S.C. § 1132(c)(1)(B) provides the following:

> "Any administrator who fails to refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within thirty (30) days after such request may in the court's discretion be personally liable to the participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such relief as it deems proper."

The same requirement applies to the Plan Sponsor, ConocoPhillips.

28.     When a healthcare provider such as North Cypress holds valid Assignments of Benefits and Rights, it is the proper beneficiary for the purposes of this Section.  (Exhibit "A")  It has been well established that an assignee of a beneficiary in an ERISA-governed insurance

policy has standing to sue under ERISA.  An assignee such as North Cypress is entitled to seek penalties and relief for failure to produce plan documents under § 104(b)(4), 29 U.S.C. § 1024(b) and 29 U.S.C. § 1132(c) and that the assignee has an alternative means for seeking documents under § 503.

29.     North Cypress has requested from ConocoPhillips' agent both plan and plan associated documents on claims made by North Cypress.  ConocoPhillips refused to provide such documents until its TPA was sued for them, and still it was not ConocoPhillips which produced them.  North Cypress is entitled to the requested plan documents and associated documents and that a civil penalty of $100 per day for failure to timely comply with the request under 29 U.S.C. § 1132(c) be imposed until the documents are produced.

30.     ConocoPhillips has also failed to timely pay claims in violation of federal law.

***Exhaustion of Remedies:***

31.     ConocoPhillips will claim that North Cypress did not exhaust all administrative remedies and is therefore barred to bring its claims herein.  North Cypress will show that ConocoPhillips and its agent, Aetna, routinely underpaid claims made by North Cypress and on almost every occasion, refused to pay the proper amounts, change its claims determinations, change the manner in which claims determinations were made and/or to comply with plan provisions even upon multiple, specific appeals made by North Cypress.  As such, to continue administrative remedies with ConocoPhillips and its agent, Aetna, would have been futile. Nonetheless, "exhaustion" is not a mandatory element of an ERISA claim under § 502 or § 503. It has long been held that the language of ERISA does not require that the doctrine of exhaustion be applied to ERISA claims and cases.  The text of ERISA nowhere mentions the exhaustion doctrine.  Rather, the application of the administrative exhaustion requirement in an ERISA case

is committed to the discretion the district court.  In exercising discretion, courts have recognized that "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought."  The Fifth Circuit has held that a plaintiff is excused from exhausting administrative remedies "when resort to the administrative process would be futile."  The evidence herein will demonstrate that any attempt at pursuing administrative remedies through ConocoPhillips and its agent, Aetna, would have been futile.  ConocoPhillips would be hard pressed to demonstrate that at any time it acted any differently other than to underpay North Cypress and to ignore North Cypress' requests for documents and information.  The exhaustion of administrative remedies is not a jurisdictional bar, but rather, is only an affirmative defense.  As noted herein, North Cypress repeatedly requested information from ConocoPhillips and its agent regarding their claims determination as well as payments of claims.  Despite the repeated requests, ConocoPhillips and its agent failed to provide such data or documentation and never provided adequate information.  Further, as noted above, North Cypress requested both plan and plan-associated documents on claims made by North Cypress and such documents were never provided.

*Claims Against Defendants:*

32.    North Cypress brings all claims noted herein against both the Defendant ConocoPhillips Company and the ConocoPhillips Employee Medical Benefit Plan, including but not limited to those pursuant to ERISA § 502(a)(1)(B).  ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought  by a participant or beneficiary…(b) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not

provided, he can bring suit seeking provision of those benefits.  ConocoPhillips is a proper defendant against whom North Cypress may bring a claim under § 502(a)(1)(B) and other statutory provisions as well as common law actions noted herein because ConocoPhillips controls its plan administration and more importantly, ConocoPhillips controlled and determined to exclude all "medically necessary" goods and services from North Cypress except for the undefined "true emergencies" even though the plan participants bargained for, contracted for, paid for and continue to pay for those benefits, and were promised those benefits.  Case law permits employees to maintain actions against their employers for denial of benefits when it was the employer who decided to deny the benefits.  In this case, ConocoPhillips decided to deny bargained-for, contracted for and paid-for benefits at North Cypress.   Since it was ConocoPhillips' decision to deny these benefits even though they had been paid for by plan participants, and to breach the contract that it had with its plan participants, it is a proper Defendant under § 502(a)(1)(B) and other statutory provisions noted herein.  Also, when the employer, ConocoPhillips, had the ultimate decision-making authority as to whether the Plaintiff was entitled benefits under the plan, it is a proper party defendant.  Very few courts have ever held that the plan itself is the only proper defendant under all circumstances.

33.     Furthermore, under ERISA § 502(c), ConocoPhillips failed to disclose required information that North Cypress requested.  § 502(c)(1) provides that any administrator "who fails or refuses to comply with the request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary…may in the court's discretion be personally liable to such participant of beneficiary [for civil penalties]…"  The statute makes no provision for liability to attach to any other person, even when the administrator is an employee of the plan sponsor.  Because ConocoPhillips undertook the responsibility of denying benefits to

its plan participants at North Cypress even though the participants had bargained for, contracted for, paid for such coverage and were promised such benefits, ConocoPhillips is a proper defendant.

## COUNT 1

## <u>FIRST CAUSE OF ACTION</u>
### Claims Under § 502(a) of ERISA, 29 U.S.C. § 1132(a)

34.    Plaintiffs repeat and reallege Paragraphs 1 through 33 (inclusive) of this Complaint with the same force and effect as if set forth at length in this paragraph.

35.    North Cypress has assignments of benefits from patients (including, but not limited to, the individual Plaintiffs) who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor.  The assignments of benefits that North Cypress received from patients (including, but not limited to, the individual Plaintiffs) who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor confers upon the North Cypress Plaintiffs the status of a "beneficiary" under § 502(a) of ERISA, 29 U.S.C. § 1132(a).  As the beneficiary, North Cypress is entitled to recover benefits due to North Cypress and/or to patients (including, but not limited to, the Individual Plaintiffs), under the terms of the applicable ERISA health benefits plan(s) and applicable law, including (but not limited to) § 502(a)(1)(B) of ERISA; and to pursue equitable relief under applicable law, including (but not limited to) § 502(a)(3) of ERISA.

36.    ConocoPhillips, as the plan sponsor, is to be held liable to Plaintiffs under § 502(a) of ERISA, 29 U.S.C. § 1132(a), for violations of ERISA or the terms of applicable health benefits plans, including (but not limited to) the following:

37.    In violation of ERISA, ConocoPhillips failed to make *payments of benefits* to North Cypress and/or to patients who made the assignments of benefits, as required under the

terms of the applicable health benefits plan(s) and applicable law, as described herein;

38.     In violation of ERISA, ConocoPhillips failed to provide to North Cypress and/or to patients who made the assignments of benefits with *all rights under the terms of the applicable health benefits plan(s)*, as described herein;

39.     In violation of ERISA, ConocoPhillips failed to *make clear* to North Cypress and/or to patients who made the assignments of benefits, their *rights to future benefits* under the terms of the applicable health benefits plan(s), as described herein;

40.     In violation of ERISA, ConocoPhillips failed to provide beneficiaries with *adequate notice concerning denial of claims* (as described herein), as required by 29 U.S.C. § 1133(1); and by failing to provide to participants a reasonable opportunity for "*full and fair review*" concerning denial of claims (as described herein), as required by 29 U.S.C. § 1133(2). As such, in pursuing their claims against ConocoPhillips under § 502(a) of ERISA, 29 U.S.C. § 1132(a), Plaintiffs should be excused of any requirement to exhaust internal administrative remedies, as futile;

41.     In violation of ERISA, ConocoPhillips refused to provide coverage/benefits for "medically necessary" goods and services provided by North Cypress even though its participants paid for, bargained for, contracted for and continue to pay for benefits provided by North Cypress and were promised same; and,

42.     In violation of ERISA, ConocoPhillips entered into arrangements with its third party administrator for which such third party administrator determined the amounts of plan benefits that would be paid to plan beneficiary based on maximizing profit to such third-party administrator (via compensation as a percentage of savings for the denial of claims), rather than based on the terms of the plans and on the applicable statutes and regulations; misrepresented to

plan participants that they had out-of-network benefits when they did not; excluded "medically necessary" goods and services from North Cypress when the participants had purchased and bargained for same; excluded "medically necessary" goods and services at North Cypress except for "true emergencies" without defining that term in the Plan leaving the interpretation to the arbitrary, decision-making process of ConocoPhillips and its agent, Aetna; and, determining "emergencies" from a Medical Director's standpoint and not from the opinion of "prudent layman."

43.     North Cypress has suffered damage as a result of ConocoPhillips' violations of ERISA.  North Cypress is entitled to monetary damages and/or restitution from ConocoPhillips, as well as other declaratory and injunctive relief related to enforcement of the plan terms, and to clarify future benefits.  In particular, and not by way of limitation, under ERISA, ConocoPhillips is liable to North Cypress for unpaid benefits, interest, attorneys' fees, and other penalties as this Court deems just, including the issuance of appropriate declaratory and injunctive relief against ConocoPhillips and ConocoPhillips' removal as a fiduciary.  North Cypress is entitled to monetary relief pursuant not only to Rule 54(c), Fed.R.Civ.P. but also pursuant to ERISA § 502(a)(3).  At all times, North Cypress may be entitled to any available relief the court deems appropriate and just "even if the party has not demanded that relief."  Rule 54(c), Fed.R.Civ.P. Furthermore, North Cypress may simultaneously claim relief pursuant to both § 502(a)(1)(B) and § 502(a)(3).  There is no binding authority holding that a plaintiff cannot plead both claims.  This rule allows plaintiffs time to develop their trial strategy and preserve alternative grounds for relief until a later stage in the litigation.  The Supreme Court allows trial courts to provide benefits as equitable relief under ERISA § 502(a)(3).  The fact that the ERISA relief takes a form of money payment does not remove it from the category of traditionally equitable relief as

"[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment."

## COUNT 2

## SECOND CAUSE OF ACTION

**Violation of Fiduciary Duties of Loyalty and Due Care Under ERISA**

44.     Plaintiffs repeat and reallege Paragraphs 1 through 43 (inclusive) of this Complaint with the same force and effect as if set forth at length in this paragraph.

45.     North Cypress received assignments of benefits from patients who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor.   The assignments of benefits that North Cypress received from patients who are covered under ERISA health benefits plans for which ConocoPhillips is the plan sponsor confers upon North Cypress the status of a "beneficiary" under § 502(a) of ERISA.   As beneficiary, North Cypress is entitled to recover benefits due to North Cypress and/or to the patients from whom North Cypress received such assignments under the terms of the applicable ERISA health benefits plan(s) and applicable law.

46.     Pursuant to Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), ConocoPhillips acted as a fiduciary to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to North Cypress -- in connection with such beneficiaries' group health plans.   Specifically, ConocoPhillips acted as fiduciary to such beneficiaries because ConocoPhillips (i) exercised discretionary authority and/or discretionary control respecting the management of the plans for which ConocoPhillips is the plan sponsor, as described herein; (ii) exercised authority and/or control respecting the management or the disposition of the assets of the plans for which ConocoPhillips is the plan sponsor, as described herein; and/or (iii) has discretionary authority and/or discretionary responsibility in the administration of the plans for

18

which ConocoPhillips is the plan sponsor, as described herein.  ConocoPhillips denied benefits to plan participants for "medically necessary" goods and services provided at North Cypress except for undefined "true emergencies" and did not pay for emergency treatment as defined in both the Plan and the law.  The exercise of discretion in such determinations of plan benefits is an inherently fiduciary function.

47.     Specifically, ConocoPhillips was the fiduciary to beneficiaries such as North Cypress and/or to the patients who made the Assignments of Benefits to North Cypress because ConocoPhillips ultimately determined whether plan benefits would be paid, and/or the amounts of plan benefits that would be paid, to those plan beneficiaries.

48.     As a fiduciary of group health benefits plans under ERISA, ConocoPhillips owes the beneficiaries of such plans a duty of due care, defined as an obligation to act prudently, with the care, skill, prudence and diligence that a prudent administrator would use in the conduct of an enterprise of like character.   Further, ERISA §§ 404(a)(1)(B) and (D), 29 U.S.C. §§ 1104(a)(1)(B) and (D), require fiduciaries (such as ConocoPhillips) to ensure that they are acting in accordance with the documents and instruments governing the plan and to provide same upon request.

49.     As a fiduciary of group health benefits plans under ERISA, ConocoPhillips owes the beneficiaries a duty of loyalty, defined as an obligation to make decisions in the interest of beneficiaries, and to avoid self-dealing or financial arrangements that benefit the fiduciary at the expense of beneficiaries.  ERISA § 406, 29 U.S.C. § 1106.  For example, ConocoPhillips cannot, consistent with its fiduciary duty of loyalty under ERISA, enter into an arrangement with a third-party administrator (such as Aetna, with whom North Cypress is a co-fiduciary) under which ConocoPhillips makes payment to such a third-party administrator based on a percentage of

savings from reduced payments.  Such an arrangement presents an inherent conflict-of-interest between ConocoPhillips' desire to reduce payments and ConocoPhillips' fiduciary obligation to make payments in accordance with the terms of the applicable ERISA health benefits plans. Furthermore, it is a breach of fiduciary duty to exclude out-of-network coverage to one specific facility when the beneficiaries have paid and continue to pay premiums/contributions, contracted for such benefits and were promised such benefits.

50.     ConocoPhillips violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to the North Cypress Plaintiffs -- by, among other things, entering into arrangements with third-party administrators (such as Aetna, with whom ConocoPhillips is a co-fiduciary) under which such third-party administrators determine the amounts of plan benefits that would be paid to those plan beneficiaries based on maximizing profit to such third-party administrators (by means of slashing benefits payments, as described herein), rather than based on the terms of the plans and on the applicable statutes and regulations.  Furthermore, ConocoPhillips has violated Section 4151.117(b), Tex. Ins. Code which also amounts to a breach of fiduciary duty.

51.     ConocoPhillips further violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to the North Cypress Plaintiffs -- by, among other things, improperly making benefit decisions based upon determinations not defined in the Plan or by applicable law.

52.     ConocoPhillips further violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to North Cypress -- by, among other things, making the changes to the applicable ERISA health benefits plans described in the preceding paragraph, in response to (untruthful)

20

allegations that Aetna (with whom ConocoPhillips is a co-fiduciary) made concerning supposed illegal billing practices by North Cypress, without independently investigating and/or conducting due diligence regarding said allegations.

53.    ConocoPhillips further violated its fiduciary duty of due care and/or its fiduciary duty of loyalty to beneficiaries -- such as North Cypress and/or patients who made assignments of benefits to North Cypress -- by, among other things, failing to provide to beneficiaries adequate notice concerning denial of claims (as described herein), as required by 29 U.S.C. § 1133(1); and by failing to provide to participants a reasonable opportunity for "full and fair review" concerning denial of claims (as described herein), as required by 29 U.S.C. § 1133(2). As such, in pursuing their claim for ConocoPhillips' violation of its fiduciary duties under ERISA, Plaintiffs should be excused of any requirement to exhaust internal administrative remedies as futile.

54.    North Cypress is entitled to assert a claim for relief for ConocoPhillips' violations of its fiduciary duties under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and for ConocoPhillips' violations of its duties as a co-fiduciary under 29 U.S.C. § 1105, including restitution, injunctive and declaratory relief, and ConocoPhillips' removal as a breaching fiduciary.

**COUNT 3**

**<u>THIRD CAUSE OF ACTION</u>**

**Violations of ERISA §§ 404, 406 and 503**

55.    Plaintiffs repeat and reallege Paragraphs 1 through 54 (inclusive) of this Complaint with the same force and effect as if set forth at length in this paragraph.

56.    ConocoPhillips failed to disclose the methodology used to calculate the UCR rates for reimbursement in violation of ERISA § 404, using the methodology to calculate UCR

that violate ERISA § 406 and failing to provide a "full and fair" review in violation of ERISA § 503.

57.     The claims for violations under § 404 not only include ConocoPhillips' failure to disclose its UCR methodology but also its violations of the plan's procedures.  A fiduciary is not only required to disclose information specifically enumerated in ERISA.  The fiduciary has a broad duty to disclose information without a specific inquiry from a beneficiary.  Courts have proposed additional disclosure duties where the plaintiff specifically inquired about the information and even when it did not.  The refusal to provide UCR information in response to specific inquiries by a plan beneficiary is sufficient to state a claim under ERISA § 404.

58.     By making reduced UCR determinations without valid data to substantiate such determinations and/or by doing so in an arbitrary fashion breaches the fiduciary's duty of loyalty to plan participants under ERISA § 406(a).  ERISA § 406(a) claims are intertwined with North Cypress' other claims under § 502(a)(3) and as such, ConocoPhillips violated claims procedures when determining UCR rates under ERISA § 406(a).

59.     ERISA § 406(a) pertains to transactions between a plan and a party-in-interest, and provides in part that "a fiduciary shall not cause a plan to engage in a transaction if he knows or should know that such transaction constitutes a direct or indirect…(a) sale or exchange of any property between the plan and party-in-interest;…(C) furnishing goods, services or facilities between the plan and the party-in-interest;…or…(D) transferred to, or use by or for the benefit of the party-in-interest, of any assets of the plan."  Furthermore, ERISA § 406(B) pertains to transactions between a plan and fiduciary and provides that "[a] fiduciary with respect to the plan shall not…(1) deal with the assets of the plan in its own interests or for his own account;…(2) in its individual or in any other capacity act in any transaction involving the plan on behalf of a

party or represent a party whose interests are adverse to the interests of the plan or the interests of the participants or beneficiary; or…(3) receive any consideration for his own personal account from any party dealing with such plan in connection with the transaction involving the assets of the plan."

60.     By paying emergency room claims under the wrong standard and by receiving consideration for its own personal account, ConocoPhillips violated § 406(b)(1), (2) and (3). When ConocoPhillips entered into agreements with its third party administrator, Aetna, agreeing to pay Aetna a certain percentage of "Savings" not paid to North Cypress for claims and other such facilities for "medically necessary" goods and services, it violated § 406(b)(1), (2) and (3).

61.     ConocoPhillips failed to provide a full and fair review of its adverse benefits determinations and to make other necessary disclosures as required by ERISA § 503.  § 503 requires a plan to (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant and (2) afford a reasonable opportunity to any participant whose claim for benefit has been denied for a full and fair review by the appropriate named fiduciary the decision by the claim.  To be "full and fair," the review process must allow the claimant "reasonable access to and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."   29 CFR § 2560.503-1(h)(2)(iii).  Information is considered relevant to a claim if it was either "relied upon" or "considered" in making the benefits determination.  29 CFR § 2560.503-1(m)(8)(i)-(ii).  North Cypress requested information and data regarding ConocoPhillips' determinations as well as payment of the claims but ConocoPhillips did not respond to those requests and thus, denied North Cypress a full and fair review of its decision denying the claim.

## COUNT 4

## <u>FOURTH CAUSE OF ACTION</u>
### Violation of Tex. Ins. Code § 4151.117

62.     Plaintiffs repeat and reallege Paragraphs 1 through 61 (inclusive) of this Complaint with the same force and effect as if set forth at length in this paragraph.

63.     Section 4151.117, Tex. Ins. Code provides that "[a]n insurer or plan sponsor may not permit or provide compensation or another thing of value to an administrator that is based on the savings accruing to the insurer or plan sponsor because of adverse determinations regarding claims for benefits, reductions of or limitations on benefits, or other analogous actions inconsistent with this chapter, that are made or taken by the administrator."

64.     ConocoPhillips violated Section 4151.117 by (1) entering into arrangements with third-party administrators (such as Aetna) under which such third-party administrators determine the amounts of plan benefits that would be paid to plan beneficiaries based on maximizing profit to such third-party administrators (via compensation to Aetna as a percentage of "Savings" for the denial of claims, as described herein), rather than based on the terms of the Plan and on the applicable statutes and regulations; (2) excluding "medically necessary" goods and services at North Cypress except for "true emergencies" without defining that term in the Plan leaving the interpretation to the arbitrary, decision-making process of ConocoPhillips and its agent, Aetna; and, (3) determining "emergencies" from a Medical Director's standpoint and not from the opinion of a "prudent layman."  Pursuant to the Assignment (Exhibit "A"), North Cypress has standing to bring this claim.

65.     As a direct and proximate result of the foregoing, patients (including, but not limited to, the Individual Plaintiffs) and/or North Cypress has sustained damages, including (but not limited to) the difference between the amounts that ConocoPhillips was required to pay to

patients and/or North Cypress under the applicable health benefits plans and the improperly reduced amounts that ConocoPhillips did in fact pay.

66.     §4151.117 does not pertain to whether a benefit is covered under an ERISA Plan or how much it is to be paid.  Hence, this statute is not "pre-empted" by ERISA.  North Cypress may also fully pursue this State law claim pursuant ERISA's Savings Clause, § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A).  The Savings Clause provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance banking, or securities."  29 U.S.C. § 1144(b)(2)(A).  State laws may indirectly regulate employee benefit plans because entities acting to insure remain an insurer for purposes for State law purporting to regulate same.  The Fifth Circuit has discerned no precise formula for calculating whether a State law has an impermissible connection with an employee benefit plan.  Preemption will not occur if the State law has only a "tedious, remote or peripheral" connection with covered employee benefit plans.  Clearly, ConocoPhillips directly engaged in insurance and affected the risk pooling arrangement between it and its covered employees.

67.     As a result of the breach of § 4151.117(b), Tex. Ins. Code, and pursuant to § 82.053, Tex. Ins. Code, Aetna must "make complete restitution to [each involved Plan enrollee] that is harmed by the violation of, or failure to comply, with this Code or a rule of the commissioner."   As such, Aetna must reimburse all "Savings" that it has obtained to North Cypress as the assignee of the Aetna plan enrollee patients at issue.

## COUNT 5

### RULE 54(c) RELIEF

68.     The allegations contained in paragraphs 1 through 67 are re-alleged and incorporated herein as if set forth *verbatim.*

69.     Plaintiffs are also entitled to all relief whether or not requested herein pursuant to Rule 54(c), Fed. R. Civ. P., which is supported by the facts, allegations presented herein and evidence presented in an amount in excess of the jurisdictional limits of this Court.

**COUNT 6**

**<u>DAMAGES</u>**

70.     The allegations contained in paragraphs 1 through 69 are re-alleged and incorporated herein as if set forth *verbatim*.

71.     The Plaintiffs are entitled to compensatory damages in an amount in excess of the jurisdictional limits of this Court.

**COUNT 7**

**<u>ATTORNEY'S FEES</u>**

72.     The allegations contained in paragraphs 1 through 71 are re-alleged and incorporated herein as if set forth *verbatim*.

73.     Pursuant to ERISA § 17.41 and Tex. Bus. & Comm. Code, §§ 38.001, *et seq.*, Tex. Civ. Prac. & Rem. Code, the Plaintiffs are entitled to the award of attorney's fees in the amount of at least $250,000.

**COUNT 8**

**<u>PUNITIVE/EXEMPLARY DAMAGES</u>**

74.     The allegations contained in paragraphs 1 through 73 are re-alleged and incorporated herein as if set forth *verbatim*.

75.     The acts and omissions on the part of ConocoPhillips were committed with malice and were intentional in nature, justifying the imposition of punitive and exemplary damages against ConocoPhillips in an amount in excess of the jurisdictional limits of this Court.

**COUNT 9**

**REQUEST FOR DECLARATORY JUDGMENT**

76.     The allegations contained in paragraphs 1 through 75 are re-alleged and incorporated herein as if set forth *verbatim*.

77.     Pursuant to 28 U.S.C. § 2201 and Chapter 37, Tex. Civ. Prac. & Rem. Code, Plaintiffs seek a declaratory judgment in addition to those requested hereinabove from this Court that:

  a.    ConocoPhillips improperly applied the term "true emergency" to emergency room claims;

  b.    ConocoPhillips' financial conflict of interest with its third party administrator violates § 4151.117(b), Tex. Ins. Code and any such contractual provisions/agreements between ConocoPhillips and its Third Party Administrator are void as against public policy;

  c.    Plaintiffs properly submitted all claims for reimbursement of healthcare benefits to ConocoPhillips at any time in compliance with all state and federal laws;

  d.    Plaintiffs did not engage in any acts of fraud or misrepresentation in their collective attempts to recover healthcare benefits from ConocoPhillips at any time;

  .     North Cypress, as beneficiary of its patients claims, is entitled to be fully reimbursed by ConocoPhillips at the usual, customary and reasonable rate for all healthcare made claims by Plaintiffs, as set forth in ConocoPhillips' applicable plans and/or policies; and,

  f.    it would have been futile for North Cypress to continue to attempt to pursue administrative remedies through ConocoPhillips.

78.     Pursuant to Section 37.009 of the Tex. Civ. Prac. & Rem. Code and 28 U.S.C. §

201, Plaintiffs seek to recover their costs and all reasonable and necessary attorneys' fees as are

equitable and just in the litigation of this matter which will be in excess of the jurisdictional

limits of the court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs North Cypress Medical Center Operating Company, Ltd. and

North Cypress Medical Center Operating Company GP, LLC hereby demand judgment in their

favor against Defendant ConocoPhillips as follow:

   a.     for monetary damages under ERISA with regard to the ERISA plans at
          issue, including (but not limited to) the difference between the amounts
          that ConocoPhillips was required to pay to patients and/or the North
          Cypress Plaintiffs under the applicable ERISA health benefits plans and
          the improperly reduced amounts that ConocoPhillips did pay;

   b.     for declaratory and injunctive relief with regard to the ERISA plans at
          issue, including (but not limited to) a declaration that ConocoPhillips has
          violated its fiduciary duties under ERISA; removal of ConocoPhillips
          from its position as a fiduciary with regard to the ERISA plans at issue; an
          order compelling ConocoPhillips to provide Plaintiff with access to all
          plan and plan-associated documents at issue in this litigation;

   c.     for restitution of all benefits by which ConocoPhillips was unjustly
          enriched with regard to both the ERISA and non-ERISA plans at issue,
          including (but not limited to) the difference between the amounts that
          ConocoPhillips was required to pay to patients and/or the North Cypress
          Plaintiffs under the applicable ERISA and non-ERISA health benefits
          plans and the improperly reduced amounts that ConocoPhillips did pay;

   d.     for an award to Plaintiffs of reasonable attorneys' fees and costs under
          Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1);

   e.     for an award to Plaintiffs of all costs and disbursements of this action,
          including (but not limited to) all attorneys' fees, costs and expenses;

   f.     for pre-judgment interest on all of Plaintiffs' claims; and,

   g.     for an order granting such other and further relief as is just and proper.

Respectfully submitted,


By:    */s/ J. Douglas Sutter*
    **J. DOUGLAS SUTTER**
    State Bar No. 19525500
    Federal ID No. 3791


**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

**OF COUNSEL**
**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas  77056
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all claims and causes of action.

    */s/ J. Douglas Sutter*
    **J. DOUGLAS SUTTER**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2015, a true and correct copy of the foregoing document was provided to opposing counsel via electronic mail and the Court's ECF filing system as follows:

John B. Shely
Jeffrey D. Migit
ANDREWS KURTH, LLP
600 Travis, Ste. 4200
Houston, Texas 77002
(713) 220-4200 (telephone)
(713) 220-4285 (facsimile)

    */s/ J. Douglas Sutter*
    **J. DOUGLAS SUTTER**