IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., et al. | § § § | |
| VS. | § § | C.A. No. 4:14-cv-02248 |
| CONOCOPHILLIPS, INCORPORATED, et al. | § § | |

## NORTH CYPRESS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56, FED. R. CIV. P.

**TO THE HONORABLE JUDGES OF SAID COURT:**

**COME NOW**, Plaintiffs North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company GP, LLC (collectively "North Cypress") and show the following:

## NORTH CYPRESS REPLY TO AETNA'S RESPONSE TO NORTH CYPRESS' MOTION TO DISMISS

1. Attached hereto as Exhibit "1" is North Cypress' Motion to Dismiss (Dkt. 100) and Exhibit "2" is North Cypress' Reply to ConocoPhillips' Reply to ConocoPhillips' Response. (Dkt. 119). In its Sur-Response to Plaintiffs' Motion to Dismiss Counterclaims (Dkt. 123), COP complains that North Cypress raised a new argument in its Response with regard to the rule against claims-splitting (Dkt. 123, p. 1) and moves to dismiss that pleading. This case is not scheduled for trial until October 3, 2016 (Dkt. 96) and the dispositive motion cut-off is not until June 30, 2016. (*Id.*) Therefore, there is more than sufficient time to consider North Cypress' argument with regard to COP's claims-splitting as a Motion for Summary Judgment under Rule 56. Therefore, North Cypress incorporates herein for all purposes Exhibits "1" (Dkt. 100 and "2" (Dkt. 119) for this Court to consider as a Rule 56 Motion for Summary Judgment.

1

2. COP ignores the fact that its claims were brought in the *Koenig Case* and the *Aetna II Case* by its Third Party Administrator, Aetna, who had the obligation and/or authorization under the Administrative Service Agreement to bring those claims. Therefore, those claims have been brought by COP.

3. Once COP's TPA pursued claims on behalf of COP, COP cannot sue on the identical claims. COP's due process rights are not violated. Any recovery of monies by the TPA for COP's claims goes to COP. Aetna cannot keep that money. Hence, COP is involved in claims-splitting.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs pray that ConocoPhillips' Counter-claim be dismissed with prejudice and for such other and further relief, both general and special, legal and equitable to which they may show themselves justly entitled.

Respectfully submitted,

By: */s/ J. Douglas Sutter*
**J. DOUGLAS SUTTER**
FBN: 3791
SBN: 19525500

**ATTORNEY FOR PLAINTIFFS**

**OF COUNSEL:**
**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of March 2016, a true and correct copy of the foregoing document was provided to opposing counsel via electronic mail and the Court's ECF filing system as follows:

    John B. Shely
    Jeffrey D. Migit
    ANDREWS KURTH, LLP
    600 Travis, Ste. 4200
    Houston, Texas 77002

                                                */s/ J. Douglas Sutter*
                                                **J. DOUGLAS SUTTER**